IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

    Plaintiff,

v.

RED ROBIN INTERNATIONAL, INC.,
a Nevada corporation; LIVONIA ROBIN,
INC., a Michigan corporation; AND
NOVI ROBIN, INC., a Michigan
corporation,

    Defendants.
_____/

Case No. 2:18-cv-11646-LVP-MKM

Hon. Linda V. Parker

## FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his complaint for declaratory and injunctive relief to remedy discrimination by defendants based on plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

1

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## PARTIES

3. Plaintiff is a resident of Palm Beach County, Florida.

4. Defendant Red Robin International, Inc. is a corporation with its registered office located at 601 Abbot Road, East Lansing, MI 48823.

5. Defendant Livonia Robin, Inc. is a corporation with its registered office located at 23925 Industrial Park Dr, Farmington Hills, MI 48335.

6. Defendant Novi Robin, Inc. is a corporation with its registered office located at 23925 Industrial Park Dr, Farmington Hills, MI 48335.

7. Upon information and belief, defendants own or operate two Red Robin restaurants, whose locations qualify each as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates the above paragraphs by reference.

9. Plaintiff is an individual with numerous disabilities, including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit..

10.   At the time of plaintiff's initial visit to Red Robin (and prior to instituting this action), plaintiff suffered from a qualified disability under the 28 C.F.R. 36.104.

11.   Plaintiff was denied full and equal access and enjoyment of the services, goods and amenities due to barriers present at each Facility and a failure of defendants to make reasonable accommodations.

12.   Plaintiff would return to each Facility if defendants modify the Facility and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the discriminatory conditions at each Facility.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

13.   Plaintiff incorporates the above paragraphs by reference.

14.   This Court is empowered to issue a declaratory judgment regarding: (1) defendants' violation of 42 U.S.C. § 12182; (2) defendants' duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) defendants' duty to remove architectural barriers at each Facility; and (4) plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

15.   Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

16. Plaintiff incorporates the above paragraphs by reference.

17. Red Robin is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

18. Defendants are a public accommodation covered by Title III of the ADA because they own, lease (or lease to), or operate a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

19. Architectural barriers exist which denied plaintiff full and equal access to the goods and services defendants offer to non-disabled individuals.

20. Plaintiff personally encountered architectural barriers at the following facilities:

   a. On March 20, 2018, plaintiff encountered the following barriers at 43250 Crescent Blvd, Novi, MI 48375:

      i. Parking Area:

         1. Providing any access aisle for parking that contains a ramp, obstruction or incorrect curb cut preventing an accessible route of travel for person(s) with a disability in violation of 2010 ADAAG §§502, 502.1 and 502.7.

    2. Providing pathways and surfaces that are uneven in violation of 2010 ADAAG §§206, 206.1, 206.2, 206.2.2, 303 and 403.4.

  ii. Entrance:

    1. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

  iii. Men's Restroom:

    1. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

    2. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

    3. Failing to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

4. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

5. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§609, 609.1 and 609.3.

6. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

7. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

8. Providing an element or object that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80" high in violation of 2010 ADAAG §§204, 307, 307.1, 307.2.

9. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

iv. Bar Area:

1. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§904, 904.4, 904.4.1, 904.4.2, 305 and 306.

2. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

3. Failing to provide accessible seating for person(s) with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

b. On March 23, 2018, plaintiff encountered the following barriers at 37701 Six Mile Rd, Livonia, MI 48152:

i. Bar Area:

1. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§904, 904.4, 904.4.1, 904.4.2, 305 and 306.

2. Failing to provide accessible seating for person(s) with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

3. Failing to provide required accessible seating for person(s) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of 2010 ADAAG §§902, 902.1, 902.3.

4. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

ii. Men's Restroom:

1. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

2. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

3. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

4. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§609, 609.1 and 609.3.

5. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

6. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

7. Failing to provide toilet cover dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

      8. Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§606, 606.1, 308 and 308.2.2.

  iii. Seating Area:

      1. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

  iv. Entrance:

      1. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

21. Defendants' policies, practices, or procedures of not training its staff to identify and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible.

22. Defendants have discriminated and continue to discriminate against plaintiff (and others who are similarly situated) by denying access to full and equal

enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at each Facility due to the barriers and violations listed in this Complaint.

23. Defendants have failed to remove some or all of the barriers and violations at each Facility.

24. It would be readily achievable for defendants to remove all of the barriers at each Facility.

25. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

26. Defendants' failure to modify its policies, practices, or procedures to allow its goods and services to be provided in the most integrated setting is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully requests that this Court:

A. declare that each Facility identified in this Complaint is in violation of the ADA;

B. declare that each Facility identified in this Complaint is in violation of the ADAAG;

C. enter an Order requiring defendants to make each Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

D. enter an Order directing defendants to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E. award plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F. grant any other such relief as the Court deems just and proper.

                                                Respectfully Submitted,

                                                BLACKMORE LAW PLC

                                                /s/ George T. Blackmore
                                                Blackmore Law PLC
                                                Attorney for Plaintiff
                                                21411 Civic Center Drive, Suite 200
                                                Southfield, MI 48076
                                                Telephone: (248) 845-8594
                                                E-mail: george@blackmorelawplc.com
                                                P76942

Dated: June 27, 2018